UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF FLORIDA

Case No.:

JONATHAN PADILLA
    Plaintiff.

-v-

NCO FINANCIAL SYSTEMS, INC.
    Defendants.

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JONATHAN PADILLA by and through his undersigned counsel (hereinafter "Plaintiff") and hereby sues Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter NCO) and alleges:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought for violations of the Fair Credit Reporting Act (hereinafter the "FCRA") 15 U.S.C. §1681s-2(b) *et seq.*; Fair Debt Collection Practices Act (hereinafter the FDCPA) 15 U.S.C. §1692e(2)(A), §1692e(8), §1692g(b); and the Florida Consumer Collection Practices Act (hereinafter the FCCPA), FLA. STAT. §559.72 (5), §559.72 (6), §559.72 (9); and for declaratory judgment and injunctive relief in equity.

Upon belief and information, Plaintiff contends that these practices are widespread for the Defendants. Plaintiff intends to propound discovery to Defendants identifying other individuals who have suffered similar violations.

## JURISDICTION VENUE & PARTIES

1. This is an action for damages that exceed $5,000.00.

1

2.  The jurisdiction of this arises under Fla. Stat. §559.77, 15 U.S.C. §1681p, and 15 U.S.C. §1692k(d).

3.  Venue is proper in this Circuit pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

4.  At all material times herein, the conduct of Defendant, complained of occurred in Dade County Florida.

5.  At all times herein, Plaintiff is a natural person residing in Dade County Florida.

6.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

7.  Defendant, NCO FINANCIAL SYSTEMS, INC is registered in Pennsylvania as a for profit corporation engaged in the collection of debt within the State of Pennsylvania, with its principal place of business located at 507 Prudential Road, Horsham, PA, 19044. Defendant, however collects debt nationwide, including in the state of Florida.

## GENERAL ALLEGATIONS

8.  At all times herein, Defendant NCO is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Fla. Stat. §559.55(6).

9.  At all times herein, Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

10. Defendant NCO regularly uses interstate mail while engaging in businesses the principal of which are the collection of debts, directly or indirectly from consumers, allegedly due another.

11. At all times herein, Defendant attempts to collect a debt, specifically the account on Plaintiff's credit report. (hereinafter "the Debt").

2

12. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

13. At all times herein, Defendant was a "person" pursuant to Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. At all times herein, Defendants conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55 and 15 U.S.C. Section 1692a(2).

15. At all times herein, Defendant acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

18. Plaintiff has no prior or present established relationship with the Defendant

19. Plaintiff has no contractual obligation to pay Defendant

20. On or before October 01, 2012, Defendant NCO was assigned the Debt for value.

21. On October 24, 2012 Plaintiff filed for Chapter 7 Bankruptcy and included the NCO account, which was previously with Deetto, in the bankruptcy filing SEE EXHIBIT "A"

22. On March 04, 2013 Plaintiffs bankruptcy including the NCO debt was discharged and closed. SEE EXHIBIT "B"

3

23. On or about May 04, 2014, Plaintiff discovered that NCO pulled Plaintiff's credit through one or more "consumer reporting agency" as that term is defined by §1681a(f) of the FCRA 15 U.S.C. §1681*et seq.*; more specifically Experian, (hereinafter EXP) without a permissible purpose.

24. Plaintiff never gave NCO permission to pull Plaintiff's credit report.

25. On or about June 12, 2014 Plaintiff sent NCO a "Notice of Pending Lawsuit" for pulling Plaintiff's credit report without a permissible purpose. SEE EXHIBIT "C"

26. Plaintiff never received a response to the "Notice of Pending Lawsuit" sent on or about June 12, 2014 via certified mail.

27. On or about October 26, 2014 Plaintiff discovered a negative entry on his consumer credit profile report being reported by NCO to EQUIFAX, a "consumer reporting agency" as that term is defined by §1681a(f) of the FCRA 15 U.S.C. §1681*et seq.* (hereinafter EQU). SEE EXHIBIT "D"

28. On or about October 26, 2014 Plaintiff mailed out a "Debt Validation" request letter to NCO via mail to verify and validate the debt they were attempting to collect on through furnishing information to EXP. SEE EXHIBIT "E"

29. On or about November 3, 2014 Plaintiff received correspondence from NCO stating they received Plaintiffs aforementioned letter and "we have been unable to locate the matter you have referenced from the information we have been provided". This letter stated in part **"This is an attempt to collect a debt. Any information will be used for that purpose. This communication is from a debt collector."** SEE EXHIBIT "F"

4

30. On or about November 10, 2014 Plaintiff mailed out a "Debt Validation" request letter to NCO via certified mail to verify and validate the debt the were attempting to collect on through furnishing information to the "consumer reporting agencies". SEE EXHIBIT "G"

31. On or about November 14, 2014 Plaintiff discovered a negative entry on his consumer credit profile report being reported by NCO to EQU and EXPERIAN, another "consumer reporting agency" as that term is defined by §1681a(f) of the FCRA 15 U.S.C. §1681*et seq*. (hereinafter EXP) showing a balance owed in the amount of $8,841. SEE EXHIBIT "H"

32. Plaintiff never received a response from the aforementioned "Debt Validation" request letter.

33. On or about December 6, 2014 Plaintiff mailed out dispute letters to EXP and EQU to dispute the information found on aforementioned consumer credit profile report.

34. On or about January 15, 2015 Plaintiff received correspondence from EXP stating that the account NCO was erroneously reporting was "verified".

35. On or about January 18, 2015 Plaintiff received correspondence from EQU stating that the account NCO was erroneously reporting was "verified".

36. Plaintiff contends that the illegal actions of the Defendant has harmed the Plaintiff, resulting in a reduction of his credit score, denial of credit, mental anguish, humiliation, a loss of reputation, and expenditures for filing fees and costs.

37. Plaintiff has retained Steven Detata (hereinafter, "undersigned counsel") for the purpose of pursuing this matter against Defendants and is obligated to pay his attorney a reasonable fee for their services.

38. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation plus actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

39. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

## COUNT I
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.72(5)
## BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

40. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

41. NCO violated the FCCPA. Defendants' violations include, but are not limited to the following: NCO violated Fla. Stat. §559.72(5) disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

42. Specifically, on or about October 16, 2104, NCO furnished erroneous information to EQU, which affected Plaintiff's reputation and credit worthiness. SEE EXHIBIT "D"

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

6

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.72(5)
## BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

43. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

44. NCO violated the FCCPA. Defendants' violations include, but are not limited to the following: NCO violated Fla. Stat. §559.72(5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

45. Specifically, on or about November 14, 2014, NCO furnished erroneous information to EXP and EQU stating that Plaintiff owed NCO $8,841 which affected his reputation and credit worthiness. SEE EXHIBIT "H".

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION
## PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9)
## BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

46. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

47. NCO is subject to and has violated provisions of Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

7

48. Specifically, on or about October 16, 2104, NCO furnished erroneous information to EQU, in an attempt to collect on a non-existent debt, which affected Plaintiff's reputation and credit worthiness. SEE EXHIBIT "D"

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

49. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

50. NCO is subject to and has violated provisions of Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the right with knowledge that the right does not exist.

51. Specifically, on or about November 14, 2014, NCO furnished erroneous information to EQU and EXP, in an attempt to collect on a non-existent debt, which affected Plaintiff's reputation and credit worthiness. SEE EXHIBIT "H"

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to Fla. Stat. §559.77.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2)(A) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

52. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

53. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

54. NCO FINANCIAL SYSTEMS, INC. is a debt collector within the meaning of the

FDCPA, 15 U.S.C. §1692a(6).

55. Defendant NCO is subject to and has violated 15 U.S.C. §1692e(2) (A) by falsely

representing the character, amount, or legal status of any debt.

56. Specifically, NCO made attempts to collect the unfounded and disputed Debt without

providing basis of the balance owed as well as reporting a false balance owed. SEE EXHIBITS

"D" & "H".

57. As a direct result of NCO actions, Plaintiff has sustained damages as defined by 15

U.S.C. Section 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against NCO

FINANCIAL SYSTEMS, INC. for $1,000.00 statutory damages, actual damages, filing fees and

costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C.

§1692k.

COUNT VI
VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(8)
BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

58. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

60. NCO FINANCIAL SYSTEMS, INC. is a debt collector within the meaning of the

FDCPA, 15 U.S.C. §1692a(6).

61. Defendant NCO is subject to and has violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

62. Specifically, NCO furnished erroneous information on Plaintiff's consumer credit reports and did not communicate that the debt is disputed. SEE EXHIBITS "D" & "H".

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000.00 statutory damages, actual damages, filing fees and costs, attorneys fess and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

<u>**COUNT VII**</u>
<u>**VIOLATIONS OF THE FAIR DEBT COLLECTION**</u>
<u>**PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(b)**</u>
<u>**BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.**</u>

63. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

64. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

65. NCO FINANCIAL SYSTEMS, INC. is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

66. Defendant NCO is subject to and has violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

67. Specifically, NCO continued furnishing erroneous information on Plaintiff's consumer credit reports in an attempt to collect on the debt without providing validation of the debt as requested on more than one occasion. SEE EXHIBITS "D" & "H"

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000.00 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

**COUNT VIII**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681b(f)**
**WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.**

68. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

69. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

70. NCO FINANCIAL SYSTEMS, INC. is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

71. Defendant NCO is subject to and has violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b. SEE EXHIBIT "D".

**WHEREFORE**, Plaintiff requests this Court enter a judgment against NCO FINANCIAL SYSTEMS, INC. for $1,000.00 statutory damages, actual damages, filing fees and costs, attorneys fees and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. §1692k.

**COUNT IX**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b)**
**BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.**

72. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

73. NCO uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

11

74. NCO is a "person" as defined by 15 U.S.C. § 1681a(b).

75. On or about November 14, 2014 Plaintiff checked his consumer credit profile report and noticed NCO was still reporting a derogatory account to one or more "consumer reporting agency" which is still affecting his reputation and credit worthiness. SEE EXHIBIT "G"

76. NCO violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to consumer reporting agency, failing to review all relevant information regarding the same, and by failing to accurately respond to consumer reporting agency.

77. As a result of NCO's acts and/or omissions, Plaintiff has suffered damages including, but not limited to: loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish.

78. NCO's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

79. In the alternative, NCO was negligent, entitling Plaintiff to recover damages from NCO pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff actual damages and statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff filing fees and costs and attorneys fees incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and

e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this _3rd_ Day of June, 2015

_____

Stephen DeTata
Florida Bar No.: 176291
4331 SW 73 Terrace
Davie, Florida 33314
(954) 445-4737
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )

COUNTY OF BROWARD       )

Plaintiff JONATHAN PADILLA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a plaintiff in this civil proceeding

2. I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable injury.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
JONATHAN PADILLA

Subscribed and sworn to before me
this 3rd day of June 2015.

_____
Notary Public

Proof of I.D.: _____

My Commission Expires:

CONSUELO M MELLA
MY COMMISSION # EE835074
EXPIRES September 16, 2019
FloridaNotaryService.com
(407) 398-0153

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered

this _3ʳᵈ_ day of June, 2015 by U.S. Mail delivery to:

NCO FINANCIAL SYSTEMS, INC.
507 Prudential Road
Horsham, PA, 19044

_____
Stephen DeTata
Florida Bar No.: 176291
4331 SW 73 Terrace
Davie, Florida
Attorney for Plaintiff

15