UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 15-CV-22125-CMA

JONATHAN PADILLA

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

**DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, MOTION TO STRIKE DEMAND FOR DAMAGES IN EXCESS OF STATUTORY LIMIT**

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under Federal Rules of Civil Procedure 12(f), moves to strike the demand in paragraph 38 of the complaint filed by plaintiff, Jonathan Padilla, and any reference to damages in excess of the statutory limit as such a demand is impertinent to plaintiff's claims for relief and serves only to inflate plaintiff's expectations in this case, and states:

## I. INTRODUCTION

On June 3, 2015, plaintiff filed this action alleging NCO violated the Fair Credit Reporting Act, (FCRA), 15 U.S.C. §1681, *et seq.*, the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. §1692, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72, *et seq.*, in connection with its attempts to collect a debt from plaintiff. Plaintiff, however, is seeking damages in excess of the statutory limit under the FCCPA.

Namely, plaintiff is seeking damages *per violation*, when the law is clear a "court may award a maximum amount of $1,000.00 in statutory damages per action, rather than per violation. *Tate & Kirkland*, 2013 WL 5970720, at *2 (M.D. Fla. Nov. 8, 2013). Plaintiff's inflated demand serves only to skew plaintiff's expectations and make the case more difficult to resolve.

## II.  PROCEDURAL HISTORY

As stated above, on June 3, 2015, plaintiff filed this action alleging NCO violated the FCRA, FDCPA, and FCCPA in connection with its attempts to collect a debt from him. (*See* Doc. 1). Plaintiff, however, incorrectly alleges "Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation . . ." (*Id.* at ¶ 38). Plaintiff also requests "this Court enter a judgment against [NCO] for $1,000 statutory damages . . . pursuant to Fla. § 559.77" for each alleged violations of the FCCPA. (*Id*. at 6-8).

As stated above, plaintiff's demand for "$1,000.00 statutory damages per independent violation" exceeds the damages permitted by the FCCPA and the greater weight of authority on the subject.[1]   NCO, therefore, moves to strike plaintiff's demand as improper, immaterial and impertinent to plaintiff's claims.

## III.  LAW AND ARGUMENT

Under Rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own [] or on motion

---

[1] To the extent plaintiff seeks $1,000 in statutory damages per alleged violation of the FDCPA, he is also wrong. The FDCPA also limits statutory damages to $1,000 ***per action***. *Arianas v. LVNV Funding LLC*, 2014 WL 5393607, *2 (M.D. Fla. Oct. 10, 2014).

made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).  "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Zytax, Inc. v. Green Plains Renewable Energy, Inc*., 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010).

Here, plaintiff improperly pleads FCCPA damages in excess of the statutory limit alleging FCCPA statutory damages amount to $1,000 *per violation*.  (Doc. 1 at ¶ 38).  Plaintiff is wrong.

The FCCPA provides, "[a]ny person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but **not exceeding $1,000**, together with court costs and reasonable attorney's fees incurred by the plaintiff."  Fla. Stat. § 559.77 (emphasis added).  Thus, Courts have unequivocally confirmed under the plain language of the statute, a "court may award a maximum amount of $1,000.00 in statutory damages per action, rather than per violation, for violations brought under the FDCPA and the FCCPA."  *Titus v. Commercial Recovery Systems, Inc.*, 2014 WL 55016, *3 (M.D. Fla. Jan. 7, 2014)); *see also Adams v. Green Tree Servicing, LLC*, 2015 WL 685791, *2 (M.D. Fla. Feb. 18, 2015) ("For multiple violations of [Section 559.72], courts cap the statutory award at $1,000."); *Arianas*, 2014 WL at *2 ("U.S. District Courts in Florida have either expressly stated that the FCCPA limits statutory damages to $1,000 per action or awarded plaintiffs no more than $1,000 per action, even when a series of FCCPA violations exist."); *Tate & Kirkland*, 2013 WL 5970720, at *2 (M.D. Fla. Nov. 8, 2013) ("Under these provisions,

courts properly decline to multiply the $1,000 statutory award by each violation alleged in a single count under the FCCPA."); *Lara v. Specialized Loan Servicing, LLC*, 2013 WL 4804387, *3 (S.D. Fla. Sept. 6, 2013) (entering judgment of $500 as the total FCCPA statutory award for violations of the FCCPA).

The law is clear. Any potential award under the FCCPA is capped at $1,000 per action. Again, allowing plaintiff even to pray for damages in excess of the statutory limit serves only to inflate plaintiff's expectations and make the case more difficult to resolve.

## IV.     CONCLUSION

WHEREFORE, defendant, NCO Financial Systems, Inc., respectfully requests the Court strike plaintiff's demand for damages in excess of the statutory limit, paragraph 38 of the Complaint and for such other relief as this Court deems proper.

Respectfully submitted,

/s/Michael Schuette
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:   (813) 890-2472
Facsimile:    (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

Attorneys for Defendant,
NCO Financial Systems, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that on this 29th day of June 2015, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Stephen DeTata<br>
4331 SW 73 Terrace<br>
Davie, FL 33314<br>
steve.detata@aol.com

                              */s/Michael Schuette*
                              Attorney