UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 15-CV-22125-CMA

JONATHAN PADILLA

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
    _____/

## DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Jonathan Padilla (plaintiff), and states:

### PRELIMINARY STATEMENT

NCO admits plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72*, et seq.*, but denies any violations, liability, or wrongdoing under the law.

### JURISDICTION, VENUE & PARTIES

1.     NCO denies the allegations in ¶ 1.

2.     Upon information and belief, NCO admits this Court has jurisdiction.

Except as specifically admitted, NCO denies the allegations in ¶ 2.

3. Upon information and belief, NCO admits venue is proper. Except as specifically admitted, NCO denies the allegations in ¶ 3.

4. NCO denies the allegations in ¶ 4.

5. Upon information and belief, NCO admits the allegations in ¶ 5.

6. NCO denies the allegations in ¶ 6 as calling for a legal conclusion.

7. NCO admits it has a place of business in Horsham, PA and part of its business is the collection of debts. Except as specifically admitted, NCO denies the allegations in ¶ 7.

## GENERAL ALLEGATIONS

8. NCO admits part of its business is the collection of debts. Except as specifically admitted, NCO denies the allegations in ¶ 8 as calling for a legal conclusion.

9. NCO denies the allegations in ¶ 9 as calling for a legal conclusion.

10. NCO admits part of its business is the collection of debts and it uses the mail to do so. Except as specifically admitted, NCO denies the allegations in ¶ 10.

11. NCO denies the allegations in ¶ 11.

12. NCO denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief.

13. NCO denies the allegations in ¶ 13 as calling for a legal conclusion.

14. NCO denies the allegations in ¶ 14.

15. NCO denies the allegations in ¶ 15.

16. NCO admits part of its business is the collection of debts owed to third

parties.  Except as specifically admitted, NCO denies the allegations in ¶ 16.

17. NCO denies the allegations in ¶ 17.

## FACTUAL ALLEGATIONS

18. NCO denies the allegations in ¶ 18.

19. NCO denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. NCO denies the allegations in ¶ 20.

21. Exhibit A speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 21 state otherwise, denied.

22. Exhibit B speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 22 state otherwise, denied.

23. NCO denies the allegations in ¶ 23.

24. NCO denies the allegations in ¶ 24.

25. Exhibit C speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 25 state otherwise, denied.

26. NCO denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. Exhibit D speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 27 state otherwise, denied.

28. Exhibit E speaks for itself and is the best evidence of its content.  To the extent plaintiff's allegations in ¶ 28 state otherwise, denied.

29. Exhibit F speaks for itself and is the best evidence of its content.  To the

extent plaintiff's allegations in ¶ 29 state otherwise, denied.

30. Exhibit G speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 30 state otherwise, denied.

31. Exhibit H speaks for itself and is the best evidence of its content. To the extent plaintiff's allegations in ¶ 31 state otherwise, denied.

32. NCO denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. NCO denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. NCO denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. NCO denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. NCO denies the allegations in ¶ 36.

37. NCO denies the allegations in ¶ 37.

38. NCO moved to strike this allegation. To the extent a response is required, NCO denies the allegations in ¶ 38.

39. NCO denies the allegations in ¶ 39 as calling for a legal conclusion.

## COUNT I
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(5) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

40. NCO reasserts the foregoing as if fully stated herein.

41. NCO denies the allegations in ¶ 41.

42. NCO denies the allegations in ¶ 42.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(5) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

43. NCO reasserts the foregoing as if fully stated herein.

44. NCO denies the allegations in ¶ 44.

45. NCO denies the allegations in ¶ 45.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

46. NCO reasserts the foregoing as if fully stated herein.

47. NCO denies the allegations in ¶ 47.

48. NCO denies the allegations in ¶ 48.

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72(9) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

49. NCO reasserts the foregoing as if fully stated herein.

50. NCO denies the allegations in ¶ 50.

51. NCO denies the allegations in ¶ 51.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2)(A) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

52. NCO reasserts the foregoing as if fully stated herein.

53. NCO denies the allegations in ¶ 53 as calling for a legal conclusion.

54. NCO denies the allegations in ¶ 54 as calling for a legal conclusion.

55. NCO denies the allegations in ¶ 55.

56. NCO denies the allegations in ¶ 56.

57. NCO denies the allegations in ¶ 57.

### COUNT VI
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(8) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

58. NCO reasserts the foregoing as if fully stated herein.

59. NCO denies the allegations in ¶ 59 as calling for a legal conclusion.

60. NCO denies the allegations in ¶ 60 as calling for a legal conclusion.

61. NCO denies the allegations in ¶ 61.

62. NCO denies the allegations in ¶ 62.

### COUNT VII
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(b) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

63. NCO reasserts the foregoing as if fully stated herein.

64. NCO denies the allegations in ¶ 64 as calling for a legal conclusion.

65. NCO denies the allegations in ¶ 65 as calling for a legal conclusion.

66. NCO denies the allegations in ¶ 66.

67. NCO denies the allegations in ¶ 67.

## COUNT VIII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681b(f) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

68. NCO reasserts the foregoing as if fully stated herein.

69. NCO denies the allegations in ¶ 69 as calling for a legal conclusion.

70. NCO denies the allegations in ¶ 70 as calling for a legal conclusion.

71. NCO denies the allegations in ¶ 71.

## COUNT IX
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b) BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

72. NCO reasserts the foregoing as if fully stated herein.

73. NCO denies the allegations in ¶ 73.

74. NCO denies the allegations in ¶ 74 as calling for a legal conclusion.

75. NCO denies the allegations in ¶ 75.

76. NCO denies the allegations in ¶ 76.

77. NCO denies the allegations in ¶ 77.

78. NCO denies the allegations in ¶ 78.

79. NCO denies the allegations in ¶ 79.

## NCO'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. NCO denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NCO's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCO and were beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

6. Plaintiff has failed to state a claim against NCO upon which relief may be granted.

WHEREFORE, Defendant, NCO Financial Systems, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

*/s/Michael Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:   (813) 890-2472
Facsimile:   (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

Attorneys for Defendant,

NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 29th day of June 2015, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Stephen DeTata
4331 SW 73 Terrace
Davie, FL 33314
steve.detata@aol.com

*/s/Michael Schuette*
Attorney